[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-11609
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 6, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 05-02337-CV-JEC-1

M.D. GERALD E. MOODY,

                                                          Plaintiff-Appellant,

                              versus

M.D. P. MICHAEL SKALIY,
Individually and as Trustee of the
P. Michael Skaliy M.D., P.C. 401(k)
Profit Sharing Plan and Trust and
the P. Michael Skaliy M.D. Money Purchase
Pension Plan and Trust,
P. MICHAEL SKALIY, M.D., P.C.,
Individually and as Plan Administrator
of the P. Michael Skaliy, M.D., P.C.
401 (k) Profit Sharing Plan and Trust
and the P. Michael Skaliy M.D., P.C.
Money Purchase Pension Plan and Trust,
P. MICHAEL SKALIY, M.D., P.C. 401 (K)
PROFIT SHARING PLAN AND TRUST,
P. MICHAEL SKALIY, M.D., P.C. AND
MONEY PURCHASE PENSION PLAN AND
TRUST,

                                                          Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(August 6, 2008)**

Before BARKETT, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Gerald E. Moody, M.D., appeals from the district court's grant of summary

judgment in favor of his former employer, P. Michael Skaliy, M.D., P.C. ("Skaliy,

P.C."), on his claims that Skaliy, P.C. violated the Employee Retirement Income

Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Specifically, Moody

asserted claims for: 1) ERISA benefits and damages pursuant to 29 U.S.C.

§ 1132(a)(1)(B); 2) breach of ERISA-imposed fiduciary duties under 29 U.S.C.

§ 1132(a)(1)(A); and 3) statutory penalties for failure to provide ERISA-governed

information pursuant to 29 U.S.C. § 1132(c)(1). The district court granted

summary judgment to Skaliy, P.C. on each of Moody's claims.[1]

The material facts in this appeal are undisputed. Moody was employed by

Skaliy, P.C., a small anesthesia practice, from September 1999 through the end of

---

[1] We review a district court's grant of summary judgment de novo, and the district court's findings of fact for clear error. Ajaka v. Brooksamerica Mortg. Corp., 453 F.3d 1339, 1343 n.6 (11th Cir. 2006).

May 2003 when his employment was terminated due to a lost contract with Northside Hospital. During Moody's employment, Skaliy, P.C. administered two ERISA-covered pension plans for the benefit of its employees: 1) the P. Michael Skaliy, M.D. Money Purchase Pension Plan & Trust; and 2) the P. Michael Skaliy, P.C. 401(K) Profit Sharing Plan and Trust.

Moody became eligible to participate in Skaliy, P.C.'s pension plans in January 1, 2001. During 2001, Skaliy, P.C. contributed $35,000 to both plans on Moody's behalf; these contributions were made in addition to Moody's salary of $150,000 per year. In November 2001, Moody entered into an amended employment agreement with Skaliy, P.C. which provided that Moody's salary would be 35% of the "net income" of the practice. Under this amended pay agreement, Skaliy, P.C.'s contributions to the pension plan's on Moody's behalf would decrease his take-home pay.

Effective April 2002, the Skaliy, P.C. Money Purchase Plan was merged into the Profit Sharing Plan to provide a single pension plan for Skaliy, P.C. employees. In mid-2002, however, Moody requested in writing to be excluded as a participant from the pension plan. He executed a letter in July 2002 to Skaliy, P.C. which read:

> This letter is my official request to opt out of P. Michael Skaliy M.D., P.C. Money Purchase Pension Plan and Michael Skaliy M.D., P.C. Profit Sharing

Plan.  I understand that this is irrevocable and I will not be eligible to reenter any retirement plan such as Money Purchase Pension Plan or Profit Sharing Plan from January 1, 2002.  I understand that I will be withdrawn from the plans as of January 1, 2002, and am not eligible for any retirement type plan after December 31, 2001.

Skaliy, P.C. granted Moody's written request despite the fact that the plan terms stated that an employee should communicate his or her election to opt-out "within a reasonable period of time before the beginning of the first Plan Year." Nonetheless, Skaliy, P.C. immediately withdrew Moody from the pension plan, and disbursed to him all of the pension plan funds that had been set aside on his behalf during 2002 ($9,315.38 including interest).[2]

At the center of Moody's suit is his contention that Skaliy, P.C. violated ERISA by allowing him to opt-out of the pension plan, contrary to the terms of the plan which required him to do so "within a reasonable period of time before the beginning of the first Plan Year."  He also argues on appeal that the district court erred in affirming forfeiture of his "vested, employee-funded contributions" to the Skaliy, P.C. plans; that Moody's waiver constituted a prohibited "cut-back" under ERISA; that the recent Supreme Court decision in LaRue v. DeWolff, Boberg, & Assocs. Inc., 128 S. Ct. 1020 (2008), rendered the district court's disposition of his breach of fiduciary duty claim erroneous; that the district court erred in making a

---

[2] In 2003, the terms of the merged plan were amended to preclude participants or eligible employees from opting out of plan participation.

factual determination that no partial termination of the plan had occurred; and that the district court erred in failing to expand the scope of documents required to be produced under 29 U.S.C. § 1024 (b)(4).[3]

After careful review of the record and the parties' briefs, we find no error in the district court's thorough and well-reasoned order and opinion granting summary judgment to Skaliy, P.C. We agree with the district court's finding that though "plaintiff's request was not submitted within the time frame contemplated by the [plan] language, i.e. before the beginning of the first Plan Year[,] . . . there is no restriction against a plan administrator waiving such a deadline." D. Ct. Order at 11. Moody's arguments to the contrary are unpersuasive, and we find the balance of his arguments to be meritless. We also reject, as did the district court, Moody's invitation to expand the scope of § 1024 (b)(4)'s production requirements.

Accordingly, the judgment of the district court is

**AFFIRMED**.

---

[3] Moody also argues that the district court erred in failing to analyze each plan separately and ignoring the express prohibition on opting-out in the amended 2003 terms. The district court did not err in finding, however, that "plaintiff's request . . . effectively waived his claim to Plan benefits during 2002–2003" because the 2003 prohibition only applied to any "Participant" or "Eligible Employee." Given his opt-out in July 2002, he was neither of these at the time that the amended terms took effect.